AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

District of New Jersey

United States of America
v.
Joseph Charles Tice

*Defendant(s)*

Case No. 26-4077 (MJS)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of September, 2026 to Nov. 2, 2026 in the county of Atlantic in the ______ District of New Jersey, the defendant(s) violated:

| *Code Section* | *Offense Description* |
| --- | --- |
| 18 U.S.C. § 2250 | See attachment A. |

This criminal complaint is based on these facts:

See Attachment B.

☑ Continued on the attached sheet.

/s/ Kevin Kamrowski
*Complainant's signature*

Deputy Kevin Kamrowski, U.S. Marshals Service
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: 11/9/2026

*Judge's signature*

City and state: Camden, New Jersey

Matthew J. Skahill, United States Magistrate Judge
*Printed name and title*

# CONTENTS APPROVED

## UNITED STATES ATTORNEY

By: *David E. Deitz*
David E. Deitz, AUSA
Date: November 9, 2026

**Attachment A**

Between September, 2026 and November 2, 2026, in Atlantic County, in the District of New Jersey, and elsewhere, the defendant,

JOSEPH CHARLES TICE,

a person required to register under the Sex Offender Registration and Notification Act, traveled in interstate and foreign commerce subsequent to his conviction for a sex offense, specifically, a conviction for Criminal Sexual Contact with a Minor on or about August 11, 2011, in the State of South Carolina, and knowingly failed to register as a sex offender as required by the Sex Offender Registration and Notification Act.

In violation of Title 18, United States Code, Section 2250.

**Attachment B**

I, Kevin R. Kamrowski, am a Criminal Investigator and Deputy United States Marshal of the United States Marshals Service. I am fully familiar with the facts set forth herein based on my own investigation, conversations with other law enforcement officers, and review of reports, documents, photographs and video recordings of the evidence. Where statements of others are related herein, they are related in substance and part. Because this Complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date and time, I am asserting that it took place on or about the date and time alleged.

1. On August 11, 2011, defendant, JOSEPH CHARLES TICE ("TICE") was convicted in the Court of General Sessions of Richland County, South Carolina, of South Carolina state crimes, including one count of Criminal Sexual Conduct with a Minor, in violation of § 16-3-655 (B) (1) of the S.C. Code of Laws, bearing CDR Code 0396, and received a suspended sentence of 20 years' imprisonment, with probation for five years.

2. Because TICE's conviction for Criminal Sexual Conduct with a Minor constituted a sex-related offense pursuant to S.C. Code Ann. § 23-3-430, TICE was required to register as a sex offender in that state. As a result of his conviction for Criminal Sexual Conduct, TICE was classified as a Tier III sex offender and was required to register every 90 days.

3. Under the Sex Offender Registration and Notification Act ("SORNA"), 34 U.S.C. § 20901 *et seq.*, a registered sex offender is required to register within three days of a change of residence and to comply with the SORNA registration requirements in the jurisdictions in which he resides, is employed, or attends school.

4. In New Jersey, pursuant to N.J.S.A. 2C:7-2, a sex offender convicted in another state is required to register within 10 days of moving, obtaining employment, or enrolling in school within the state. A registered sex offender is also required to register on a yearly basis with the chief law enforcement officer of the municipality in which he is residing, or, if the municipality does not have a local police force, with the Superintendent of State Police.

5. On March 18, 2020, TICE completed a State of South Carolina Sex Offender Registration Form, acknowledging his duties and responsibilities as a convicted sexual offender under the Tier III classification. The form explained the responsibilities of a Tier III sex offender with respect to the registry, including, among other things, the requirements of address verification and registering as a sex offender in each jurisdiction of residence. This form also explained that, as a Tier III sex offender, TICE was required to register quarterly and he like "all offenders must register bi-annually or quarterly for life depending upon his/her classification as a

Tier II or Tier III offender." The form specified several categories of information that TICE was required to provide to his Registering Official, including his full name, relevant addresses, including residential addresses, work addresses, and full descriptions of all vessels, live-aboard vessels, or houseboats the offender owns or operates, or lives on to include hull identification number, manufacture's serial number, name of the vessel, live-aboard vessel, or houseboat, registration number, and description of the color scheme. Additionally, this form stated, "Under the Adam Walsh Child Protection and Safety Act of 2006, 18 U.S.C. § 2250, if you travel to another jurisdiction and fail to register as required, you are also subject to federal prosecution that carries penalties of a fine and/or imprisonment up to ten years."

6. On June 12, 2020, the Richland County South Carolina Sheriff's Office issued a warrant for TICE's arrest for Failure to Register as a Sex Offender. The extradition on this warrant was listed as "in-state pick up only," meaning that the warrant was not enforceable outside of the State of South Carolina.

7. On June 15, 2020, TICE was arrested in Luzerne County, Pennsylvania for Failure to Comply with Registration of Sexual Offender Requirements.

8. On various dates including June 25, 2020, July 27, 2020, April 6, 2021, October 16, 2023 and May 29, 2026, TICE was presented and refused to sign and acknowledge a Pennsylvania State Police Sexual Offender Registration Megan's Law form. This form explained the requirement that TICE provide address verification and registration as a sex offender in each jurisdiction of residence.

9. In September of 2026, TICE created two GoFundMe campaigns indicating that he currently resides in New Jersey. One of TICE's GoFundMe campaign stated "I came from Pennsylvania to New Jersey after salvaging a sailboat for $1, hoping to turn it into a safe home and a way to make it to Key West for the winter. Right now, Willow and I are anchored in Rum Point Cove…" (I have learned that Rum Point Cove is a small body of water which is located in Brigantine, New Jersey near the Atlantic City Inlet). Both GoFundMe campaigns contain photographs of a male individual. Upon comparing law enforcement/sex offender registry photographs of TICE with the photographs of the male individual posted on the GoFundMe pages, I believe the photographs are of the same individual.

10. On October 3, 2026, a Deputy U.S. Marshal located TICE's boat at Rum Point Cove and observed TICE paddling a kayak away from the boat.

11. On October 4, 2026, a Deputy U.S. Marshal spoke to Brigantine Police Officer who stated that he observed TICE and his dog walking through the "Towne Center." Later that same day, a Deputy U.S. Marshal observed TICE near the 4800 Block of Brigantine Boulevard in Brigantine.

12. On October 5, 2026, a Deputy U.S. Marshal was conducting surveillance in the area near the 4900 block of Brigantine Boulevard and observed TICE on the boat.

13. Upon learning this information, I searched the New Jersey State Police Sex Offender Registry and Offender Watch, a platform that consolidates information on registered sex offenders in New Jersey as reported by state and local law enforcement agencies. The platform reflected that no one with TICE's biographical information was registered as a sex offender in New Jersey.

14. On October 6, 2026, a Deputy U.S. Marshal contacted a member of the New Jersey State Police, who stated TICE has never been registered as a sex offender in New Jersey.

15. On October 6, 2026, I confirmed with an assistant prosecutor from the Atlantic County Prosecutor's Office that TICE's South Carolina conviction for Criminal Sexual Contact with a Minor would require registration in New Jersey.

16. On October 13, 2026, I contacted the Atlantic County Prosecutor's Office and the Brigantine Police Department. Both agencies confirmed that TICE has never registered as a sex offender in Atlantic County, New Jersey.

17. On October 3 ,2026, October 4, 2026, October 5, 2026, and October 8, 2026, October 22, 2026, October 26, 2026, and November 2, 2026, Deputy U.S. Marshals observed an individual aboard the boat located at Rum Point Cove during physical surveillance. The individual's appearance was consistent with the known appearance of TICE.

18. On November 3, 2026, I re-confirmed that TICE never registered as a sex offender with New Jersey local or state law enforcement.

19. Defendant TICE knowingly failed to register as a sex offender after he moved to New Jersey, as required.